■ PING LEE, Respondent, et al., Plaintiffs, v EAGLE STREET ASSOCIATES, INC., et al., Appellants. [767 NYS2d 845]—In an action, inter alia, to recover damages for conversion, the defendants appeal from so much of an order of the Supreme Court, Queens County (Dye, J.), dated August 22, 2002, as, in effect, denied that branch of their cross motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Ping Lee.

Ordered that the order is reversed insofar as appealed from, on the law and the facts, with costs, that branch of the cross motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Ping Lee is granted, and the complaint insofar as asserted by the plaintiff Ping Lee is dismissed.

On July 18, 1995, the plaintiff Pington Associates, Inc. (hereinafter Pington), was evicted from certain premises owned by the defendant Eagle Street Associates, Inc. In August 1996, Pington, Ping Yu Hsu (hereinafter Hsu), the president and sole shareholder of Pington, and Ping Lee (hereinafter Lee), an alleged "creditor assignee" of Hsu and Pington, commenced this action against the defendants asserting, inter alia, a cause of action to recover damages for conversion. By order dated September 20, 2001, the Supreme Court granted the defendants' cross motion dismissing the complaint insofar as asserted by Hsu and Pington. Thereafter, the defendants cross-moved for summary judgment to dismiss the complaint insofar as asserted by Lee. The Supreme Court denied the cross motion. We reverse.

In support of their cross motion for summary judgment, the defendants made a prima facie showing of entitlement to judg-

ment as a matter of law (*see* CPLR 3212; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). In opposition, Lee failed to raise a triable issue of fact. Lee did not offer competent evidence in admissible form to establish any of the causes of action alleged in the complaint. Further, Lee's contention that he is a "creditor assignee" of Hsu and Pington is unsupported by the record. Accordingly, the Supreme Court should have granted the defendants' cross motion for summary judgment dismissing the complaint insofar as asserted by Lee. S. Miller, J.P., Townes, Mastro and Rivera, JJ., concur.